PHILIP S. LOTT (5750)
STANFORD E. PURSER (13440)
Assistant Utah Attorneys General
JOHN E. SWALLOW (5802)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah  84114-0856
Telephone:  (801) 366-0100
Facsimile: (801) 366-0101
Email:  phillott@utah.gov
Email:  spurser@utah.gov
*Attorneys for Defendants Gary R. Herbert and John E. Swallow*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually; KATE CALL, individually; LAURIE WOOD, individually; and KODY PARTRIDGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah; JOHN SWALLOW, in his official capacity as Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,<br><br>Defendants. | **UTAH STATE DEFENDANTS' ANSWER**<br><br>Civil Case No. 2:13-cv-00217-RJS<br><br>Judge Robert J. Shelby |

Utah State Defendants Governor Gary R. Herbert and Attorney General John E. Swallow, by and through their counsel of record, pursuant to Federal Rule of Civil Procedure 8, hereby answer the Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

## INTRODUCTION

1. State Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint. The quotations of legal authority in paragraph 1 do not constitute factual allegations and require no answer.

2. Paragraph 2 of Plaintiffs' Complaint summarizes the requested relief and need not be admitted or denied.

## JURISDICTION AND VENUE

3. State Defendants deny that the court has jurisdiction over the issues presented in Plaintiffs' Complaint.

4. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

## NATURE OF THE CASE

5. To the extent paragraph 5 of Plaintiffs' Complaint contains any allegations they are denied. To the extent paragraph 5 summarizes the relief requested by Plaintiffs, it contains no allegations of fact requiring an answer.

6. To the extent paragraph 6 of Plaintiffs' Complaint contains any allegations they are denied. To the extent paragraph 6 summarizes the relief requested by Plaintiffs, it contains no allegations of fact requiring an answer. Defendants object to the non-statutory, argumentative term "Marriage Discrimination Statutes."

7. State Defendants are without sufficient knowledge to admit or deny the allegations regarding the Plaintiffs contained in paragraph 7 of Plaintiffs' Complaint. State

Defendants deny that Plaintiffs are being denied any constitutionally protected rights.

8. State Defendants are without sufficient knowledge to admit or deny the allegations regarding the Plaintiffs contained in paragraph 8 of Plaintiffs' Complaint. State Defendants deny that Plaintiffs are being denied any constitutionally protected rights.

9. State Defendants deny that Plaintiffs are asserting any enforceable rights in their Complaint. To the extent paragraph 9 summarizes the relief requested by Plaintiffs, it contains no allegations of fact requiring an answer.

## PARTIES

10. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. State Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. State Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. State Defendants admit that they are responsible for the enforcement of Utah law. Defendants object to the non-statutory, argumentative term "Marriage Discrimination Statutes." To the extent paragraph 19 summarizes the relief requested by Plaintiffs, it contains no allegations of fact requiring an answer.

## FACTUAL BACKGROUND

20. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. State Defendants deny the allegations contained in the first sentence of paragraph 21 of Plaintiffs' Complaint. State Defendants are without sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 21 of Plaintiffs' Complaint.

22. State Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 24 of Plaintiffs' Complaint. State Defendants affirmatively state that the Massachusetts Constitution is not at issue in this action and that the cited Massachusetts decision speaks for itself.

25. State Defendants admit that the Utah Constitution provides a democratic process to amend the Utah Constitution.  State Defendants are without sufficient knowledge to admit or deny any other allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. State Defendants admit the allegations contained in paragraph 26 of Plaintiffs' Complaint except that State Defendants are without sufficient knowledge to admit or deny the allegations contained in the last sentence of paragraph 26 of Plaintiffs' Complaint.

27. State Defendants admit the allegations contained in the first sentence of paragraph 27 of Plaintiffs' Complaint.  State Defendants admit that a Utah Voter Information Pamphlet was prepared under the direction of the Lieutenant Governor and that the Pamphlet speaks for itself.

28. State Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. State Defendants affirmatively state that some proponents *and* some opponents of Amendment 3 were given space in the Utah Voter Information Pamphlet to state their own individual arguments both for and against Amendment 3.  State Defendants deny that the arguments either for or against constitute the "express and stated purpose" of Amendment 3. State Defendants, further, affirmatively state that Plaintiffs mischaracterize the source of the first quoted language.  In full, the quote clearly identifies the source as being a court opinion from the Eleventh Circuit Court of Appeals:

> Earlier this year, the Federal Eleventh Circuit Court of Appeals upheld Florida's ban on homosexual adoptions. The Court unequivocally recognized government's strong interest in maintaining public morality, the justified preference for heterosexual marriage with its capacity to perpetuate the human race and the importance of raising children in that preferred relationship.

2004 Utah Voter Information Pamphlet, *Arguments for Constitutional Amendment 3*, at 36.

The second quote, in full, states:

> Social stability has always depended on strong marriages. Many families, of course, face difficult challenges, including divorce and the absence of a father or a mother. These challenges, however, are no reason to abandon the ideal relationship where men, women and children thrive best and that is an enduring natural marriage between a man and a woman.

*Id*.

State Defendants deny that the express and stated purpose of Amendment 3 was to further privately-held moral views that same-sex couples were not moral and were inferior to heterosexual couples. State Defendants deny the remaining allegations in paragraph 29 of Plaintiffs' Complaint.

30. State Defendants admit that, although under Article 23 of the Utah Constitution only a simple majority was required for passage of Amendment 3, 65.9% of Utah voters approved the Amendment.

31. State Defendants are without sufficient knowledge to admit or deny whether any same-sex couples have been denied marriage licenses in Utah. State Defendants affirmatively state, however, that same-sex marriage has never been recognized in Utah and that it is the public policy of Utah to recognize as marriage only the legal union of a man and a woman. State Defendants admit same-sex marriages performed in other jurisdictions are not recognized in Utah. State Defendants deny the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32. State Defendants affirmatively state that same-sex marriage has never been recognized in Utah. State Defendants admit that Utah law and its constitution define marriage as the legal union between a man and a woman and do not recognize same-sex marriages, among other types of marriages, performed in Utah or other jurisdictions. State Defendants admit that

6

unmarried couples or groups of any kind—heterosexual, homosexual, polygamous, etc.—are not granted certain rights afforded married couples.  Utah law, however, does not "impair[] any contract or other rights, benefits, or duties that are enforceable" independently of being married. Utah Code Ann. § 30-1-4.1(2).   State Defendants deny all other allegations in paragraph 32 of Plaintiffs' Complaint.

33-35.  Paragraphs 33 to 35 of Plaintiffs' Complaint contain legal argument, which does not require an answer.  Nonetheless, State Defendants deny that same-sex marriage is a constitutionally protected right and deny any other allegations contained in paragraphs 33 to 35 of Plaintiffs' Complaint.

36. State Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiffs, their same-sex relationships, and desire to be married contained in paragraph 36 of Plaintiffs' Complaint.  State Defendants admit that same-sex couples cannot be married under Utah law.

37. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. State Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. State Defendants are without sufficient knowledge to admit or deny the allegations regarding who Plaintiffs wish to marry contained in paragraph 39 of Plaintiffs' Complaint.  State Defendants admit that same-sex couples cannot be married under Utah law.

40. State Defendants deny that Plaintiffs' inability to marry a person of the same sex deprives them of any constitutional rights.  State Defendants are without sufficient knowledge to

admit or deny any other allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. State Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. State Defendants deny the allegations contained in the first sentence of paragraph 42 of Plaintiffs' Complaint. The rest of paragraph 42 of Plaintiffs' Complaint contains legal argument and/or assertions that do not require an answer.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

43. State Defendants incorporate by reference all the preceding answers contained in paragraphs 1 through 42 above.

44. Paragraph 44 of Plaintiffs' Complaint contains only legal assertions and does not require an answer but State Defendants do not deny the contents of the Due Process Clause of the Fourteenth Amendment as stated in controlling precedent.

45. State Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. State Defendants admit that marriage between a man and a woman is a constitutionally protected fundamental right and/or liberty interest but deny any other allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. State Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. State Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint. There is no constitutionally protected right for same-sex marriage.

49. State Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint. State Defendants deny that strict scrutiny applies to Plaintiffs' claims.

50. To the extent paragraph 50 of Plaintiffs' Complaint contains any allegations they are denied by the State Defendants.

## SECOND CLAIM FOR RELIEF

51. State Defendants incorporate by reference all the preceding answers contained in paragraphs 1 through 50 above.

52. Paragraph 52 of Plaintiffs' Complaint contains only legal assertions and does not require an answer but State Defendants do not deny the contents of the Equal Protection Clause of the Fourteenth Amendment as stated in controlling precedent.

53. State Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. State Defendants deny the allegations contained in paragraph 54 of Plaintiffs' Complaint. Controlling precedent has established that sexual orientation does not implicate a protected class to which heightened scrutiny applies. *Price-Cornelison v. Brooks*, 524 F.3d 1103 (10th Cir. 2008).

55. State Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56. State Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. State Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. State Defendants affirmatively state that same-sex marriage has never been recognized in Utah. State Defendants admit that Utah law and its constitution define marriage as the legal union between a man and a woman and do not recognize same-sex marriages, among other types of marriages, performed in Utah or other jurisdictions. State Defendants admit that unmarried couples or groups of any kind—heterosexual, homosexual, polygamous, etc.—are not granted certain rights afforded married couples. Utah law, however, does not "impair[] any contract or other rights, benefits, or duties that are enforceable" independently of being married. Utah Code Ann. § 30-1-4.1(2). State Defendants deny all other allegations in paragraph 58 of Plaintiffs' Complaint.

59. State Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. State Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint. Utah law prevents neither homosexuals nor lesbians from marrying. Homosexuals and lesbians may marry in Utah, but they face the same restriction heterosexuals do – they may not marry a person of the same sex. This restriction is not gender based – it applies equally to both males and females.

61. To the extent paragraph 61 of Plaintiffs' Complaint contains any allegations they are denied by the State Defendants.

### THIRD CLAIM FOR RELIEF

62. State Defendants incorporate by reference all the preceding answers contained in paragraphs 1 through 61 above.

63. State Defendants deny the allegations contained in paragraph 63 of Plaintiffs'

Complaint.

64. To the extent paragraph 64 of Plaintiffs' Complaint contains any allegations they are denied by the State Defendants.

## FOURTH CLAIM FOR RELIEF

65. State Defendants incorporate by reference all the preceding answers contained in paragraphs 1 through 64 above.

66. State Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. State Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not contain any factual allegations requiring an answer.

## ADDITIONAL DEFENSES

The State Defendants assert the following separate defenses to the Complaint, without assuming the burden of proof or production on such defenses that would otherwise rest on the Plaintiffs. Moreover, State Defendants assert that there are or may be other defenses which are at this time unknown and, therefore, reserve the right to amend their Answer if appropriate and assert additional defenses.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted in Plaintiffs'

Complaint and/or the Complaint fails to raise a substantial federal question. *Baker v. Nelson*, 409 U.S. 810 (1972).

### THIRD DEFENSE

Plaintiffs' claims present a political question or are otherwise not justiciable.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment. U.S. CONST. amend XI.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the Tenth Amendment.  Utah has the sovereign right to define and regulate marriage.  "[T]he states, at the time of the adoption of the Constitution, possessed full power over the subject of marriage and divorce . . . [and] the Constitution delegated no authority to the Government of the United States on the subject of marriage and divorce." *United States v. Windsor*, 133 S.Ct. 2675, 2691 (2013) (quoting *Haddock v. Haddock*, 201 U.S. 562, 575 (1906)); *see also* *In re Burrus*, 136 U.S. 586, 593-594 (1890), *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383-384 (1930); U.S. CONST. amend. X.

### SIXTH DEFENSE

Sexual orientation does not implicate a protected or suspect class to which heightened scrutiny applies. *Price-Cornelison v. Brooks*, 524 F.3d 1103 (10th Cir. 2008).

### SEVENTH DEFENSE

Same-sex marriage is not a constitutionally protected fundamental right or liberty interest.

### EIGHTH DEFENSE

Any classification, resulting from Utah's recognition of marriage as only the legal union

between a man and a woman, is rationally related to a legitimate governmental interest.

### NINTH DEFENSE

It is the public policy of Utah to recognize as marriage only the legal union between a man and a woman. Utah Code Ann. § 30-1-4.1; UTAH CONST. art. 1, § 29.

### TENTH DEFENSE

Utah's recognition of marriage as only the legal union between a man and a woman does not violate the United States Constitution.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred or limited by the provisions of the Utah Governmental Immunity Act, Utah Code Ann. § 63G-7-101, *et seq*.

### PRAYER

WHEREFORE, having fully answered Plaintiffs' Complaint, the State Defendants pray that the same be dismissed with prejudice, for their costs, and for such other relief as to the Court seems just and equitable.

Dated this 12th day of August, 2013.

> JOHN E. SWALLOW
> Utah Attorney General
>
>  /s/  Philip Lott
> Philip S. Lott
> Stanford E. Purser
> Assistant Utah Attorneys General
> *Attorneys for Defendants Gary R. Herbert and John E. Swallow*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Peggy A. Tomsic | tomsic@mgplaw.com |
| James E. Magleby | magleby@mgplaw.com |
| Jennifer Fraser Parrish | parrish@mgplaw.com |
| MAGLEBY & GREENWOOD, P.C. | |
| 170 South Main Street, Suite 850 | |
| Salt Lake City, UT 84101-3605 | |
| | |
| Ralph Chamness | rchamness@slco.org |
| Darcy M. Goddard | dgoddard@slco.org |
| Salt Lake County District Attorneys | |
| 2001 South State, S3500 | |
| Salt Lake City, Utah 84190-1210 | |

    /s/ Philip Lott