Sim Gill (Utah State Bar No. 6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
Ralph E. Chamness (Utah State Bar No. 6511)
Darcy M. Goddard (Utah State Bar No. 13426)
Deputy District Attorneys
2001 South State Street, Room S3700
Salt Lake City, Utah 84190-1200
Telephone: 385.468.7700
Facsimile: 385.468.7800
E-mail: rchamness@slco.org
         dgoddard@slco.org

Attorneys for Defendant Sherrie Swensen

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually; KATE CALL, individually; LAURE WOOD, individually; and KODY PARTRIDGE, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah; JOHN SWALLOW, in his official capacity as Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,<br><br>　　　　Defendants. | **DEFENDANT SHERRIE SWENSEN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>Case No.:　　2:13-cv-00217-RJS<br><br>Judge:　The Honorable Robert J. Shelby |

Defendant Salt Lake County Clerk Sherrie Swensen ("County Clerk") by and through her attorneys of record, answers and presents her affirmative defenses to Plaintiffs' Complaint ("Complaint") as follows:

## INTRODUCTORY STATEMENT

The County Clerk has a ministerial duty to abide by the laws of the State of Utah, and is required by statute to issue marriage licenses in accordance with existing Utah state law.   The County Clerk thus has no discretion regarding the issuance of marriage licenses.   At all times relevant to this litigation, the County Clerk acted in good faith and with reasonable belief that her actions in issuing marriage licenses in conformance with existing Utah state law were valid, necessary, and constitutionally proper.   If the laws of the State of Utah are amended by the Utah State Legislature (or otherwise), or are found to be unconstitutional by a court of competent jurisdiction, the County Clerk will continue to abide by and administer the law as amended or interpreted.

## ANSWER

County Clerk answers the allegations of Plaintiffs' Complaint as follows:

1.       In response to paragraph 1 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the section of the Utah Constitution cited in paragraph 1 speaks for itself.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 1, and therefore denies those allegations.

2.     In response to paragraph 2 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 2, and therefore denies those allegations.

3.     In response to paragraph 3 of the Complaint, County Clerk admits the Complaint alleges claims that, if properly pleaded, would invoke this Court's jurisdiction under the United States Constitution and 42 U.S.C. section 1983.   The remaining allegations in paragraph 3 are denied.

4.     In response to paragraph 4 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, statutory citations and other matters that County Clerk is not required to answer, and which are consequently denied.   County Clerk admits that venue is proper in this Court.   The remaining allegations in paragraph 4 are denied.

5.     In response to paragraph 5 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 5, and therefore denies those allegations.

6.     In response to paragraph 6 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge

or information to admit or deny the remaining allegations in paragraph 6, and therefore denies those allegations.

7.      County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7, and therefore denies those allegations.

8.      County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8, and therefore denies those allegations.

9.      In response to paragraph 9 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9, and therefore denies those allegations.

10.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10, and therefore denies those allegations.

11.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11, and therefore denies those allegations.

12.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12, and therefore denies those allegations.

13.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13, and therefore denies those allegations.

14.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14, and therefore denies those allegations.

15.     County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15, and therefore denies those allegations.

16.     The allegations in paragraph 16 are admitted.

17.     The allegations in paragraph 17 are admitted.

18.     In response to paragraph 18 of the Complaint, County Clerk affirmatively avers that her duties as County Clerk, as relevant to this matter, are purely ministerial.   County Clerk further affirmatively avers that she is required to "issue[] marriage licenses" consistent with existing Utah state law as written and as interpreted by the courts.   County Clerk further affirmatively avers that the State of Utah controls the content of the form application to be completed by those seeking marriage licenses in the State of Utah, and that the State of Utah "maintain[s]" its own "vital records of marriages." The remaining allegations in paragraph 18 are admitted.

19.     In response to paragraph 19 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk denies she or anyone "subject to her supervision, direction, and control" are "responsible for the enforcement of Amendment 3" or what Plaintiffs refer to as the "Marriage Discrimination Statutes."   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 19, and therefore denies those allegations.

20.     In response to paragraph 20 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 20, and therefore denies those allegations.

21.     In response to paragraph 21 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21, and therefore denies those allegations.

22.     In response to paragraph 22 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the statutes cited in paragraph 22 speak for themselves.   The remaining allegations in paragraph 22 are admitted.

23.     In response to paragraph 23 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 23, and therefore denies those allegations.

24.     In response to paragraph 24 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 24, and therefore denies those allegations.

25.    County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25, and therefore denies those allegations.

26.    In response to paragraph 26 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the Resolution and laws cited in paragraph 26 speak for themselves.   County Clerk admits the cited Resolution directed the Utah Lieutenant Governor to submit the proposed constitutional amendment to Utah voters in the 2004 General Election and that, if approved, it would become effective on January 1, 2005.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 26, and therefore denies those allegations.

27.    In response to paragraph 27 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the laws and "Pamphlet" cited in paragraph 27 speak for themselves.   County Clerk admits the proposed constitutional amendment was placed on the ballot in the 2004 General Election. County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 27, and therefore denies those allegations.

28.    In response to paragraph 28 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 28, and therefore denies those allegations.

29.     In response to paragraph 29 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 29, and therefore denies those allegations.

30.     In response to paragraph 30 of the Complaint, County Clerk admits the cited constitutional provision was approved by a majority of Utah voters in the 2004 General Election and that it had an effective date of January 1, 2005.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 30, and therefore denies those allegations.

31.     In response to paragraph 31 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk admits she is prohibited by Utah state law from issuing marriage licenses to same-sex couples.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 31, and therefore denies those allegations.

32.     In response to paragraph 32 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk admits she is
prohibited by Utah state law from issuing marriage licenses to same-sex couples.   County Clerk
lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph
32, and therefore denies those allegations.

33.     In response to paragraph 33 of the Complaint, County Clerk avers that this
paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk
is not required to answer, and which are consequently denied.   County Clerk lacks sufficient
knowledge or information to admit or deny the remaining allegations in paragraph 33, and
therefore denies those allegations.

34.     In response to paragraph 34 of the Complaint, County Clerk avers that this
paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk
is not required to answer, and which are consequently denied.   County Clerk lacks sufficient
knowledge or information to admit or deny the remaining allegations in paragraph 34, and
therefore denies those allegations.

35.     In response to paragraph 35 of the Complaint, County Clerk avers that this
paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk
is not required to answer, and which are consequently denied.   County Clerk lacks sufficient
knowledge or information to admit or deny the remaining allegations in paragraph 35, and
therefore denies those allegations.

36.     County Clerk lacks sufficient knowledge or information to admit or deny the
allegations in paragraph 36, and therefore denies those allegations.

37.    County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore denies those allegations.

38.    County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore denies those allegations.

39.    County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39, and therefore denies those allegations.

40.    County Clerk lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore denies those allegations.

41.    In response to paragraph 41 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 41, and therefore denies those allegations.

42.    In response to paragraph 42 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 42, and therefore denies those allegations.

43.    Paragraph 43 of the Complaint seeks only to incorporate preceding paragraphs, such that County Clerk is not required to answer.   To the extent an answer is required, the allegations in paragraph 43 are denied.

44.     In response to paragraph 44 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the Fourteenth Amendment to the United States Constitution speaks for itself.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 44, and therefore denies those allegations.

45.     In response to paragraph 45 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 45, and therefore denies those allegations.

46.     In response to paragraph 46 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46, and therefore denies those allegations.

47.     In response to paragraph 47 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 47, and therefore denies those allegations.

48.     In response to paragraph 48 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 48, and therefore denies those allegations.

49.     In response to paragraph 49 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 49, and therefore denies those allegations.

50.     In response to paragraph 50 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 50, and therefore denies those allegations.

51.     Paragraph 51 of the Complaint seeks only to incorporate preceding paragraphs, such that County Clerk is not required to answer.   To the extent an answer is required, the allegations in paragraph 51 are denied.

52.     In response to paragraph 52 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk further avers that the

Fourteenth Amendment to the United States Constitution speaks for itself.   County Clerk lacks

sufficient knowledge or information to admit or deny the remaining allegations in paragraph 52,

and therefore denies those allegations.

53.     In response to paragraph 53 of the Complaint, County Clerk avers that this

paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 53, and

therefore denies those allegations.

54.     In response to paragraph 54 of the Complaint, County Clerk avers that this

paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 54, and

therefore denies those allegations.

55.     In response to paragraph 55 of the Complaint, County Clerk avers that this

paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 55, and

therefore denies those allegations.

56.     In response to paragraph 56 of the Complaint, County Clerk avers that this

paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk

is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

knowledge or information to admit or deny the remaining allegations in paragraph 56, and therefore denies those allegations.

57.     In response to paragraph 57 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 57, and therefore denies those allegations.

58.     In response to paragraph 58 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 58, and therefore denies those allegations.

59.     In response to paragraph 59 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 59, and therefore denies those allegations.

60.     In response to paragraph 60 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient

14

knowledge or information to admit or deny the remaining allegations in paragraph 60, and therefore denies those allegations.

61.    In response to paragraph 61 of the Complaint, County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 61, and therefore denies those allegations.

62.    Paragraph 62 of the Complaint seeks only to incorporate preceding paragraphs, such that County Clerk is not required to answer.   To the extent an answer is required, the allegations in paragraph 62 are denied.

63.    In response to paragraph 63 of the Complaint, County Clerk denies that the actions or inactions of Defendants are "in violation of 42 U.S.C. § 1983."   County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   The remaining allegations in paragraph 63 are denied.

64.    In response to paragraph 64 of the Complaint, County Clerk denies that the actions or inactions of Defendants "violate 42 U.S.C. § 1983."   County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied.   The remaining allegations in paragraph 63 are denied.

15

65.     Paragraph 65 of the Complaint seeks only to incorporate preceding paragraphs, such that County Clerk is not required to answer.   To the extent an answer is required, the allegations in paragraph 65 are denied.

66.     In response to paragraph 66 of the Complaint, County Clerk denies that "irreparable injury" is a substantive cause of action on which relief may be granted by this Court. County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied. County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 66, and therefore denies those allegations.

67.     In response to paragraph 67 of the Complaint, County Clerk denies that "irreparable injury" is a substantive cause of action on which relief may be granted by this Court. County Clerk avers that this paragraph contains legal arguments, legal and factual conclusions, and other matters County Clerk is not required to answer, and which are consequently denied. County Clerk lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 67, and therefore denies those allegations.

68.     All other allegations in the Complaint are denied.

**FIRST DEFENSE**

Plaintiffs fail to state a claim on which relief can be granted as against County Clerk, who has a ministerial duty to abide by the laws of the State of Utah and has no authority to disregard those laws.

**SECOND DEFENSE**

Plaintiffs fail to state a claim on which relief can be granted as against County Clerk, who has no discretion regarding the issuance of marriage licenses and is required by statute to issue marriage licenses in accordance with existing Utah state law.

**THIRD DEFENSE**

Plaintiffs fail to state a claim on which relief can be granted as against County Clerk, who acted in good faith and with reasonable belief that her actions in issuing marriage licenses in conformance with existing Utah state law were valid, necessary, and constitutionally proper.

**FOURTH DEFENSE**

The injuries and damages sustained by Plaintiffs, if any, resulted from the acts or omissions of others, and without any fault on the part of County Clerk.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

**SIXTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the Utah Governmental Immunity Act and by Plaintiffs' failure to comply with the relevant provisions thereof.

**SEVENTH DEFENSE**

County Clerk is entitled to an award of her reasonable attorneys' fees and costs incurred in the defense of this action, to the extent permitted by law.

**EIGHTH DEFENSE**

County Clerk reserves all rights to set forth additional defenses and claims in defense of this action, or against Plaintiffs, as may appear warranted upon further investigation and discovery in this action.

WHEREFORE, County Clerk prays for judgment as follows:

A.    That judgment be rendered in favor of County Clerk and against Plaintiffs;

B.    That Plaintiffs take nothing from County Clerk by the allegations of their Complaint;

C.    That County Clerk be awarded her reasonable attorneys' fees and costs to the extent permitted by law; and

D.    All such other and further relief as this Court deems just and proper.


Dated this 12th day of August, 2013.


Sim Gill
DISTRICT ATTORNEY FOR SALT LAKE COUNTY


By:    /s/ Darcy M. Goddard
Ralph E. Chamness
Darcy M. Goddard

Attorneys for Defendant Sherrie Swensen

18

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the <u>12</u>th day of August, 2013, I electronically filed the foregoing

Defendant Sherrie Swensen's Answer and Affirmative Defenses to Plaintiffs' Complaint with the

Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Peggy A. Tomsic
James E. Magleby
Jennifer Fraser Parrish
MAGLEBY & GREENWOOD, P.C.
170 South Main Street, Suite 850
Salt Lake City, Utah 84101-3605

Attorneys for Plaintiffs

Phillip S. Lott
Stanford E. Purser
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856

Attorneys for Gary R. Herbert and John E. Swallow


/s/ Cathy Baker

19