Peggy A. Tomsic (3879)
  tomsic@mgpclaw.com
James E. Magleby (7247)
  magleby@mgpclaw.com
Jennifer Fraser Parrish (11207)
  parrish@mgpclaw.com
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 850
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually; KATE CALL, individually; LAURIE WOOD, individually; and KODY PARTRIDGE, individually,**<br><br>Plaintiffs,<br><br>v.<br><br>**GARY R. HERBERT, in his official capacity as Governor of Utah; JOHN SWALLOW, in his official capacity as Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,**<br><br>Defendants. | NOTICE OF SUBMISSION OF PLAINTIFFS' PROPOSED SCHEDULING ORDER AND SCHEDULING ISSUES TO BE DISCUSSED/RESOLVED AT THE AUGUST 27, 2013 STATUS CONFERENCE<br><br><br><br><br><br><br><br>Case No.  2:13-cv-00217-RJS<br><br>**Honorable Robert J. Shelby** |

```
```

Plaintiffs Derek Kitchen, Moudi Sbeity, Karen Archer, Kate Call, Laurie Wood, and Kody Partridge (collectively, "Plaintiffs"), hereby file, through counsel of record, Magleby & Greenwood, P.C., this Notice of Submission of Plaintiffs' Proposed Scheduling Order and Scheduling Issues To Be Discussed/Resolved at the August 27, 2013 Status Conference.

**BACKGROUND**

On August 12, 2013, Defendants Gary R. Herbert and John Swallow (the "State Defendants"), and Sherrie Swensen (the "County Defendant") (collectively "Defendants") filed their respective answers in this matter.  On August 19, 2013, Plaintiffs submitted a proposed scheduling order to Defendants, and the parties set a conference call for August 22, 2013.  In the interim, the Court set a status conference for August 27, 2013.

When the parties conferred on August 22, 2013, they were unable to reach an agreed-upon schedule, due to a fundamental disagreement as to the nature of these proceedings and how the case will ultimately resolve.  The State Defendants believe that the case involves only legal issues, such that it can be resolved through motion practice on the pleadings, or on summary judgment, in the next few months, thus avoiding the fact and expert discovery necessary for an evidentiary hearing.  Plaintiffs disagree, and the County Defendant has not committed to a position on the matter.

Plaintiffs contend that this case cannot resolve without an evidentiary hearing to determine issues of fact that are necessary to the legal determinations that are the subject of this case.  Therefore, while the Defendants may wish to file motions under Fed. R. Civ. P. 12 and/or 56, any such motions should not delay this case, where an evidentiary hearing is necessary.  The schedule and the parties' efforts should be focused on completing the bench trial in this matter, and any motion practice to narrow

the issues should occur in parallel while expert work and fact discovery is moving forward, or occur in the interim between discovery and trial.

Accordingly, and in the interest of efficiency, Plaintiffs file this notice to submit their proposed schedule to the Court in advance of the August 27, 2013, hearing, and to bring to the Court's attention the issues affecting the schedule that are preventing the parties from reaching agreement, so that they may be discussed and/or resolved at the upcoming hearing.

## PLAINTIFFS' PROPOSED SCHEDULE IS REASONABLE

Plaintiffs propose the following schedule:

- Initial Disclosures: Sept. 30, 2013
- Designation of Experts: Nov. 18, 2013
- Amend Pleadings/Add Parties: Nov. 29, 2013
- Affirmative Expert Reports: Jan. 17, 2014
- Counter Expert Reports: Mar. 7, 2014
- Fact Discovery Cutoff: Apr. 1, 2014
- Expert Discovery Cutoff: Apr. 1, 2014
- Dispositive Motion Cutoff: May 1, 2014
- Daubert Motions: May 1, 2014
- Ready for Trial: Sept. 2, 2014
- Estimated Length of Bench Trial: 14 days

Plaintiffs' proposed schedule is eminently reasonable, and does not prevent Defendants from filing motions under Fed. R. Civ. P. 12 and/or 56 at any time during the eight (8) months prior to the May 1, 2014, deadline.  In addition, Plaintiffs proposed schedule accommodates this Court's internal practice of completing all discovery five (5) months prior to trial.

The reasonableness of Plaintiffs' proposed schedule is apparent when compared to the schedule in the case of *Perry v. Schwarzenegger*, No. C 09-2292 VRW, in the United Stated District Court for the Northern District of California (the "Prop 8 Case"). The Prop 8 Case involved similar claims and legal determinations.  Interestingly, the schedule in that case was set around the same time of year as this case is being scheduled.  In that case, Chief Judge Vaughn R. Walker held a hearing and set the following schedule on August 21, 2009:

- Designation of Experts: Oct. 2, 2009
- Discovery Cutoff: Nov. 30, 2009
- Pretrial Conference: Dec. 16, 2009
- Expert Rebuttal Discovery Cutoff: Dec. 31, 2009
- First Day of Trial: Jan. 11, 2010

[*See* 8-21-09 Hr'g Tr. at 65 (setting schedule), Docket No. 162 in the Prop 8 Case].  Thus, the parties in the Prop 8 Case had the same amount of time to reach trial as Plaintiffs now propose to reach the stage of submitting affirmative expert reports.

Moreover, the intervenors in the California case (which stood in to defend Prop 8) filed several motions for summary motion, which did not delay the schedule, and were heard and decided by Chief Judge Walker on October 15, 2009.  [*See* 10-15-09 Hr'g Tr. at 72-90 (denying all five (5) issues presented by intervenors for summary judgment), Docket No. 228 in the Prop 8 Case].

Plaintiffs' proposed schedule, which prepares this case for an evidentiary hearing in a years' time, is more than reasonable given the nature of this case.  In fact, if the Court were willing to shorten the five (5) month window between the end of discovery and trial, Plaintiffs believe that this case could be set for trial as early as next summer.

### THE DETERMINATION OF FACTUAL ISSUES IS NECESSARY

The Plaintiffs and State Defendants disagree as to whether this case requires the resolution of factual issues.  Chief Judge Walker was faced with fundamentally the same issue in setting the schedule in the Prop 8 Case, and noted that there were many factual questions in that case:

> . . . [T]here are . . . a lot of factual questions, a lot of factual assertions have been made.  Now, this is a trial court, this is not the Supreme Court of the United States where we deal with these boxcar philosophical issues.  We deal with the facts; we deal with evidence; we deal with testimony of witnesses.  And to the extent that there are factual issues, I think we need to proceed in the way in which a trial court proceeds to deal with those issues, to present the facts, to present the evidence, and to make what determinations are necessary.
> 
> I realize a good many of these questions are mixed questions of law and fact, but where there is a factual component, it does seem to me that we ought to address those facts in the traditional way in which court have dealt with factual questions.

6

> I realize, also, that a good many of these factual questions will depend upon expert testimony, opinion testimony, but I think we should deal with those the same way that the Supreme Court has counseled and guided us to deal with those kind of questions, in accordance with the standards of the Daubert decision, *Kumho Tire*, and its progeny, or their progeny, and deal with those opinion issues in a manner consistent with the way that opinion testimony should be dealt with.
> . . . [O]ur job in this case, at this point, is to make a record. . . .

[7-8-09 Hr'g Tr. at 11-12, Docket No. 78 in the Prop 8 Case].

Plaintiffs agree that this Court should address the facts in this case in the traditional way in which courts have always dealt with factual questions: through an evidentiary hearing before a fact-finder. Contrary to the State Defendants' contention, and in-line with Chief Judge Walker's statements, even the legal issues in this case require the hearing of evidence. The facts that will need to be determined in this case include, without limitation, the following:

- The governmental interest that Amendment 3 fosters.

- The assumptions about human behavior and relationships that underlie any legislative facts related to Amendment 3.

- Whether Amendment 3 may be subject to strict scrutiny or intermediate scrutiny review.

- Whether an Equal Protection claim must be analyzed under the rational basis review standard.

7

- The four factors used to determine whether a group is a discrete and insular minority:  the history of invidious discrimination against the class burdened by the legislation, the characteristics that distinguish the class as indicating a typical class member's ability to contribute to society, whether the distinguishing characteristic is "immutable" or beyond the class member's control, and the political power of the subject class.
- Whether Amendment 3 is a gender-neutral enactment or whether, in fact, its operation in practice discriminates on the basis of gender.
- Whether Amendment 3 is rationally related to a legitimate state interest.
- Whether exclusion of same-sex couples from marriage preserves traditional, opposite-sex marriage.
- Whether marriage has had a stable definition across generations.
- Whether only opposite-sex marriage can further interests in procreation, such as encouraging formation of naturally procreative unions, encouraging stability within naturally procreative unions, and encouraging the bond between parents and biological offspring.
- Whether Amendment 3 encourages gays and lesbians to marry someone of the opposite sex.
- Whether Amendment 3 makes it less or more likely that heterosexuals will marry.

8

- Whether Amendment 3 is tainted by animus.

Accordingly, the resolution of this case requires an evidentiary hearing, and the schedule that is set in this case should be geared toward reaching trial in the most expeditious and efficient manner, while allowing the parties sufficient time to prepare their respective cases.[1]

## CONCLUSION

---

[1] When the U.S. Court of Appeals for the Ninth Circuit reviewed the Prop 8 Case, it remarked in dicta that, "It is debatable whether some of the district court's findings of fact concerning matters of history or social science are more appropriately characterized as 'legislative facts' or as 'adjudicative facts,'" and what standard of review should apply to such findings. *Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012). The opinion of the Ninth Circuit, as the Court is aware, is now vacated due to the U.S. Supreme Court's ruling that the proponents of Prop 8 did not have standing to appeal the Prop 8 Case to the Ninth Circuit, and the Ninth Circuit therefore had no jurisdiction over the appeal. *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2668 (2013). However, even if this were not the case, the Ninth Circuit's decision (which is now vacated) was a narrow one, holding only that there was no state interest in taking away same-sex marriage after it had been made available to the citizens of California, while allowing the incidents of marriage to remain. *See Perry*, 671 F.3d at 1063 ("All that Proposition 8 accomplished was to take away from same-sex couples the right to be granted marriage licenses and thus legally to use the designation of 'marriage,' which symbolizes state legitimization and societal recognition of their committed relationships. Proposition 8 serves no purpose, and has no effect, other than to lessen the status and human dignity of gays and lesbians in California, and to officially reclassify their relationships and families as inferior to those of opposite-sex couples."). That holding has no relevance to Utah and Amendment 3. But even that narrow holding, the Ninth Circuit stated, required certain factual findings (i.e., those concerning the messages in support of Prop 8 that were communicated to the voters to encourage the approval of the measure), which it clearly deemed "adjudicative facts." *Perry*, 671 F.3d at 1075.

For the reasons discussed herein, which will be further discussed at the upcoming hearing on August 27, 2013, Plaintiffs request that their proposed schedule be entered in this matter.

DATED this 23rd day of August, 2013.

**MAGLEBY & GREENWOOD, P.C.**

_____
Peggy A. Tomsic
James E. Magleby
Jennifer Fraser Parrish

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 850, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **NOTICE OF SUBMISSION OF PLAINTIFFS' PROPOSED SCHEDULING ORDER AND SCHEDULING ISSUES TO BE DISCUSSED/RESOLVED AT THE AUGUST 27, 2013 STATUS CONFERENCE** was delivered to the following this 23rd day of August, 2013 by:

[X]  Depositing the same in the U.S. Mail, postage prepaid

[X]  CM/ECF System

[X]  Electronic Mail

Philip S. Lott
 phillott@utah.gov
Stanford E. Purser
 spurser@utah.gov
John E. Swallow
UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856

*Attorneys for Gary R. Herbert and John Swallow*

Ralph Chamness
 rchamness@slco.org
Darcy Goddard
 dgoddard@slco.org
SALT LAKE COUNTY DISTRICT ATTORNEYS
2001 South State Street, S3500
Salt Lake City, Utah 84190-1210

*Attorneys for Sherrie Swensen*

/s/ Gwan Gibson

11