PHILIP S. LOTT (5750)
STANFORD E. PURSER (13440)
Assistant Utah Attorneys General
JOHN E. SWALLOW (5802)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah  84114-0856
Telephone:  (801) 366-0100
Facsimile: (801) 366-0101
Email:  phillott@utah.gov
Email:  spurser@utah.gov
*Attorneys for Defendants Gary R. Herbert and John E. Swallow*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually; KATE CALL, individually; LAURIE WOOD, individually; and KODY PARTRIDGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah; JOHN SWALLOW, in his official capacity as Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,<br><br>Defendants. | **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF SCHEDULING ISSUES**<br><br>Civil Case No. 2:13-cv-00217-RJS<br><br>Judge Robert J. Shelby |

Utah State Defendants Governor Gary R. Herbert and Attorney General John E. Swallow,

by and through their counsel of record, respond to *Plaintiffs' Statement of Scheduling Issues*

[Doc. 22] as follows:[1]

## INTRODUCTION

The Plaintiffs' suit asserts a facial challenge to Utah's constitutional and statutory definition of marriage as the union between a man and a woman.  Plaintiffs do not ask the Court to order State Defendants to apply differently, as to Plaintiffs only, an otherwise constitutional definition of marriage.  Plaintiffs seek a declaration that the challenged provisions in all respects violate the federal constitution and they seek a permanent injunction against the enforcement of any provision limiting marriage to only the union between a man and a woman.  [Doc. 2 at 2-4, 18, 22-23, 25].

Because this action is a facial constitutional challenge, the State Defendants do not view this case as presenting myriad disputed factual issues, subject to intensive discovery and requiring a 3 week (14 day) trial, as suggested by the Plaintiffs.  Rather, State Defendants view this case as presenting a small number of material "adjudicative facts," which are probably not disputed, and a number of "legislative facts" which need not, and should not, be developed through evidentiary hearings.  The Court will be asked to rule primarily, if not exclusively, on questions of law.

## RATIONAL BASIS REVIEW APPLIES TO THIS CASE

Inasmuch as same-sex marriage is not a fundamental right[2] and sexual orientation is not a

---

[1]  The State Defendants had not planned to file any pleadings in advance of the Tuesday, August 27, Status Conference.  State Defendants were unaware of Plaintiffs' intent to file a pre-hearing brief until it was received on Friday, August 23.  Given Plaintiffs' submission, State Defendants feel it is necessary to respond.

[2]  Neither the Supreme Court nor the Tenth Circuit Court of Appeals has ever held that same-sex marriage is a fundamental right.  And to the extent Plaintiffs wish to argue this point, it will be a matter of

suspect class,[3] rational basis review applies to this case.[4]  Rational basis review does not authorize "the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *Heller v. Doe*, 509 U.S. 312, 319 (1993) (alteration in original) (internal quotations omitted).  Rational basis review is the "paradigm of judicial restraint." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14 (1993).

Under rational basis review, a law is presumed constitutional and "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Heller*, 509 U.S. at 320 (alteration in original) (internal quotations omitted).  The question of rationality is a matter of law for which a State need not provide evidence but may rely on speculation alone. *Id.*  "[A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." *Beach Commc'ns*, 508 U.S. at 315.  In the summary judgment context, if the facts determining a question that is subject to rational basis review are "at least debatable," the State is entitled to summary judgment. See *Heller*, 509 U.S. at 326; *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1328 (1985); *Vance v. Bradley*, 440 U.S. 93, 110–11 (1979); *United States v. Carolene Prods. Co.*,

---

analyzing legal precedent and applying it to existing and readily available historical facts.  Expert opinions or fact witnesses would have no relevant or necessary role to play in this analysis.

[3]  See *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1113 (10th Cir. 2008) ("[sexual orientation does not] implicate a protected class, which would warrant heightened scrutiny"); *see also id.* at n.9 ("this court, like many others, has previously rejected the notion that homosexuality is a suspect classification.").  No amount of discovery or evidentiary hearings involving expert testimony is going to allow the parties or this Court to defy Tenth Circuit precedent on this point.

[4]  In making this argument, State Defendants do not waive their defenses including, among others, lack of subject matter jurisdiction and Utah's sovereign right to define and regulate marriage. See *Utah State Defendants' Answer*. [Doc. 16]

304 U.S. 144, 154 (1938). A court may uphold a law subject to rational basis review on any ground it finds reasonable, even if the party defending the law has not raised it and "whether or not the basis has a foundation in the record." Heller, 509 U.S. at 319, 320-321; *accord* Beach Commc'ns, 508 U.S. at 319.

## "LEGISLATIVE FACTS" ARE NOT "ADJUDICATIVE FACTS"

Plaintiffs' Statement appears to ignore the important differences between adjudicative facts and legislative facts. "'Adjudicative facts are facts about the parties and their activities ..., usually answering the questions of who did what, where, when, how, why, with what motive or intent'—the types of 'facts that go to a jury in a jury case,' or to the factfinder in a bench trial." Perry v. Brown, 671 F.3d 1052, 1075 (9th Cir. 2012), vacated and remanded by Hollingsworth v. Perry, 133 S.Ct. 2652 (2013). There are relatively few adjudicative facts in this case necessary to resolve the constitutional issues that Plaintiffs assert. And, at this point, it is doubtful that adjudicative facts, such as Plaintiffs' desires to marry persons of the same sex and that certain Plaintiffs left Utah to be married in Iowa and then returned to Utah, would be disputed.

In contrast to "adjudicative facts," "[l]egislative facts are 'general facts which help the tribunal decide questions of law and policy,' are 'without reference to specific parties,' and 'need not be developed through evidentiary hearings.'" Libertarian Nat'l Comm., Inc. v. Federal Election Comm'n, --- F. Supp. 2d ---, 2013 WL 1097792, *2 (D.D.C. 2013) (quoting *Friends of the Earth v. Reilly*, 966 F.2d 690, 694 (D.C. Cir. 1992) and *Ass'n of Nat'l Advertisers, Inc. v. FTC*, 627 F.2d 1151 (D.C. Cir. 1979)). A legislative fact "is not a question specifically related to one case or controversy; it is a question of social factors and happenings . . . ." Dunigan v. City of Oxford, Miss., 718 F.2d 738, 748 (5th Cir. 1983).

The Supreme Court recognizes the distinction between "adjudicative facts" and

4

"legislative facts." *Lockhart v. McCree*, 476 U.S. 162, 168-169 (1986) (citing *Dunagin*, 718 F.2d at 748 n.8 .).

Many of the facts that Plaintiffs claim require an evidentiary hearing are actually legislative facts. *See* Plaintiffs' Statement of Issues at 7-9. Importantly, summary judgment is still appropriate, and the challenged provisions would still be valid, even if Plaintiffs are able to dispute the legislative facts supporting the provisions. As the Supreme Court has emphasized, "It makes no difference that the [legislative] facts may be disputed or their effect opposed by argument and opinion of serious strength. It is not within the competency of the courts to arbitrate in such contrariety." *Vance v. Bradley*, 440 U.S. 93, 112 (1979) (quoting *Rast v. Van Deman & Lewis Co.*, 240 U.S. 342, 357 (1916)).

## CONSIDERATION AND RESOLUTION OF THIS CASE SHOULD NOT FOLLOW THE PATTERN OF *PERRY v. SCHWARZENEGGER*

Plaintiffs propose this case be litigated following the pattern of the 2010 California district court case *Perry v. Schwarzenegger*, 704 F. Supp. 2d 921 (N.D. Cal. 2010). In *Perry* the district court judge held a 12 day bench trial and made 80 purported findings of fact.[5] On appeal, the Ninth Circuit Court of Appeals disregarded all but two of the trial court's purported findings of fact.[6] The Ninth Circuit made the following observation:

> Plaintiffs and Proponents dispute whether the district court's findings of fact concern the types of "facts"—so-called "adjudicative facts"—that are capable of being "found" by a court through the clash of proofs presented in adjudication, as opposed to "legislative facts," which are generally not capable of being found in that fashion. "Adjudicative facts are facts about the parties and their activities ..., usually answering

---

[5] *Perry v. Brown*, 671 F. 3d 1052, 1069 (9th Cir. 2012), vacated and remanded by *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013).

[6] *Id.* at 1075.

the questions of who did what, where, when, how, why, with what motive or intent"—the types of "facts that go to a jury in a jury case," or to the factfinder in a bench trial. *Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir.1966) (quoting Kenneth Culp Davis, *The Requirement of a Trial–Type Hearing*, 70 Harv. L.Rev. 193, 199 (1956)) (internal quotation marks omitted). "Legislative facts," by contrast, "do not usually concern [only] the immediate parties but are general facts which help the tribunal decide questions of law, policy, and discretion." *Id*.

It is debatable whether some of the district court's findings of fact concerning matters of history or social science are more appropriately characterized as "legislative facts" or as "adjudicative facts."

*Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), vacated and remanded by *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013).

The district court judge's conduct of the proceedings in *Perry* has been criticized. Supreme Court Justice Samuel Alito described the *Perry* proceedings as a "spectacle" and at times being "the height of parody":

The degree to which this question [whether "traditional" marriage should be rejected and "consent-based" marriage endorsed] is intractable to typical judicial processes of decisionmaking was highlighted by the trial in *Hollingsworth v. Perry* . . . . In that case, the trial judge, after receiving testimony from some expert witnesses, purported to make "findings of fact" on such questions as why marriage came to be, *Perry v. Schwarzenegger*, 704 F.Supp.2d 921, 958 (N.D.Cal.2010) (finding of fact no. 27) . . . , what marriage is, *id*., at 961 (finding of fact no. 34) . . . , and the effect legalizing same-sex marriage would have on opposite-sex marriage, *id*., at 972 (finding of fact no. 55) . . . .

At times, the trial reached the heights of parody, as when the trial judge questioned his ability to take into account the views of great thinkers of the past because they were unavailable to testify in person in his courtroom. See 13 Tr. in No. C 09–2292 VRW (ND Cal.), pp. 3038–3039.

And, if this spectacle were not enough, some professors of constitutional law have argued that we are bound to accept the trial judge's findings—including those on major philosophical questions and predictions about the future—unless they are "clearly erroneous." See Brief for Constitutional Law and Civil Procedure Professors as *Amici Curiae* in *Hollingsworth v. Perry*, O.T.2012, No. 12–144, pp. 2–3 ("[T]he district court's factual findings are compelling and should be given significant weight"); *id*., at 25 ("Under any standard of review, this Court should credit and adopt the trial court's findings because they result from rigorous and exacting application of the Federal Rules of Evidence, and are supported by reliable research and by the unanimous consensus of mainstream social science experts"). Only an arrogant legal culture that has lost all appreciation of its own limitations could take such a suggestion seriously.

*United States v. Windsor,* 133 S.Ct. 2675, 2719 n.7 (2013) (Alito, J., dissenting).

## CONSIDERATION AND RESOLUTION OF THIS CASE SHOULD FOLLOW THE PATTERN OF MORE RECENT HAWAII AND NEVADA FEDERAL COURT CASES

The State Defendants view this case as presenting primarily, if not exclusively, legal issues for this Court to decide. The State Defendants propose that a more appropriate pattern to be followed in litigating this case is that of the two most recent federal district courts to have considered and ruled on the constitutionality of State constitutional amendments and statutes defining marriage as only between a man and a woman. Each of these recent cases arose, as did the prior *Perry* case, in the Ninth Circuit.

As in this case, in *Jackson v. Ambercrombie*[7] the plaintiffs challenged the constitutionality, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, of a State constitutional amendment and State statute defining marriage as only between a man and a woman. As here, plaintiffs sought injunctive relief. The federal district court for the District of Hawaii considered the case on cross-motions for summary judgment and in August 2012 issued its ruling granting summary judgment against the plaintiffs. The court ruled that "same-sex marriage is not a fundamental right,"[8] "Hawaii's marriage laws do not implicate a suspect classification,"[9] and "Hawaii's marriage laws are rationally related to

---

[7] 884 F. Supp. 2d 1065 (D. Haw. 2012) .

[8] *Id*. at 1098.

[9] *Id.*

legitimate government interests."[10]

Also, as in this case, in *Sevcik v. Sandoval*[11] the plaintiffs challenged the constitutionality, under the Equal Protection Clause of the Fourteenth Amendment, of a State constitutional amendment and State statute defining marriage as only between a man and a woman. As here, plaintiffs sought declaratory and injunctive relief. The federal district court for the District of Nevada considered the case on cross-motions for summary judgment and in November 2012 issued its ruling granting summary judgment against the plaintiffs. The court ruled that "[b]ecause homosexuals are not a suspect or quasi-suspect class, and because the laws at issue burden no fundamental rights, rational basis scrutiny applies."[12] The court further ruled that "the maintenance of the traditional institution of civil marriage as between one man and one woman is a legitimate state interest."[13]

In short, this case does not require an evidentiary hearing. Few facial challenges do. It would be unnecessary and wasteful for the parties to engage in summary judgment briefing and wait for the court's decision resolving the case while at the same time conducting discovery, including time-intensive expert depositions, expert reports, and expert counter-reports, *Daubert*

///

///

///

---

[10] *Id.* at 1119.

[11] 911 F.Supp.2d 996 (D. Nev. 2012).

[12] *Id.* at 1014.

[13] *Id.* at 1021.

motions and the like.

Dated this 26th day of August, 2013.

>JOHN E. SWALLOW
>Utah Attorney General
>
>  /s/  Philip S. Lott
>Philip S. Lott
>Stanford E. Purser
>Assistant Utah Attorneys General
>*Attorneys for Defendants Gary R. Herbert and John E. Swallow*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Peggy A. Tomsic                tomsic@mgplaw.com
James E. Magleby               magleby@mgplaw.com
Jennifer Fraser Parrish        parrish@mgplaw.com
MAGLEBY & GREENWOOD, P.C.
170 South Main Street, Suite 850
Salt Lake City, UT 84101-3605

Ralph Chamness                 rchamness@slco.org
Darcy M. Goddard               dgoddard@slco.org
Salt Lake County District Attorneys
2001 South State, S3500
Salt Lake City, Utah 84190-1210

>  /s/  Philip S. Lott