Peggy A. Tomsic (3879)
  tomsic@mgpclaw.com
James E. Magleby (7247)
  magleby@mgpclaw.com
Jennifer Fraser Parrish (11207)
  parrish@mgpclaw.com
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 850
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually, KATE CALL, individually; LAURIE WOOD, individually; and KODY PARTRIDGE, individually,**<br><br>Plaintiffs,<br><br>v.<br><br>**GARY R. HERBERT, in his official capacity as Governor of Utah; JOHN SWALLOW, in his official capacity as Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,**<br><br>Defendants. | **PLAINTIFFS' MOTION REGARDING AMICI CURIAE**<br><br><br><br><br><br><br><br><br><br>Case No.  2:13-cv-00217-RJS<br><br>Honorable Robert J. Shelby |

Plaintiffs Derek Kitchen, Moudi Sbeity, Karen Archer, Kate Call, Laurie Wood, and Kody Partridge (collectively, "Plaintiffs"), by and through their counsel of record, Magleby & Greenwood, P.C., respectfully submit this Plaintiffs' Motion Regarding Amici Curiae.

## RELIEF REQUESTED

Plaintiffs respectfully request that the Court exercise caution in allowing outside parties to intervene as amici curiae in this case, and only upon a showing that they are providing "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Chief Judge Posner, in chambers). In addition, Plaintiffs request that, if the Court allows any outside parties to intervene as amici curiae in this matter, any such intervention not change the existing deadlines in this case, including the hearing on the parties' summary judgment motions, which is set for December 4, 2013.

## DISCUSSION

The Federal Rules of Civil Procedure contain no provision authorizing the filing of amicus briefs at the trial court level. *See Prof'l Drug Co. v. Wyeth Inc.*, Civil No. 11-5479 (JAS), 2012 U.S. Dist. LEXIS 147607, at *4-5 (D.N.J. Oct. 2, 2012) ("There is no rule in the district court governing the appearance of an amicus curiae . . . ."). Notwithstanding, some district courts have allowed amici curiae to intervene where the applicant will provide a different perspective on the issues before the court. However, in this case, all parties' interests are already adequately represented. Plaintiffs are concerned that this matter, which should be focused on an efficient adjudication of their

rights, not be affected by the intervention of various groups interested in the subject matter, as has occurred in similar cases across the country.

In particular, Plaintiffs have a real concern that allowing the intervention of outside parties will be distracting, will unduly burden the resources of the Court and the parties, and may lead to a delay in the Court's determination of Plaintiffs' rights and the relief they seek, including an injunction against the State of Utah, while providing marginal assistance to the Court. This concern was addressed by Judge Posner of the Seventh Circuit, wherein he counseled caution in allowing third parties to intervene as friends of the court, even at the appellate court level where Federal Rule of Appellate Procedure 29 actually permits the filing of briefs by amicus curiae:

> The tendency of many judges of this court, including myself, has been to grant motions for leave to file amicus curiae briefs without careful consideration of the reasons why a brief of an amicus curiae is desirable . . . . After 16 years of reading amicus curiae briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize these motions in a more careful, indeed a fish-eyed, fashion.
>
> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs . . . . Such amicus briefs should not be allowed. . . .  An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. . . .
>
> The bane of lawyers is prolixity and duplication . . . . In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the [issues].

*Ryan*, 125 F.3d at 1063-64 (internal quotation and citation omitted); *see also, e.g.*, *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-cv-329-GKF-SAJ, 2008 U.S. Dist. LEXIS 36665 (10th Cir. May 5, 2008) (citing *Ryan* and denying leave to file amicus briefs).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court exercise caution in allowing outside parties to intervene as amici curiae in this case, and only upon a showing that they are providing "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063.  In addition, Plaintiffs request that, if the Court allows any outside parties to intervene as amici curiae in this matter, any such intervention not change the existing deadlines in this case, including the hearing on the parties' summary judgment motions, which is set for December 4, 2013.

DATED this 21st day of October, 2013.

                                                                          **MAGLEBY & GREENWOOD, P.C.**

                                                                          Peggy A. Tomsic
                                                                          James E. Magleby
                                                                          Jennifer Fraser Parrish

                                                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 850, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS' MOTION REGARDING AMICI CURIAE** was delivered to the following this 21st day of October, 2013, by:

[ ]   Hand Delivery

[X]   Depositing the same in the U.S. Mail, postage prepaid

[X]   CM/ECF System

[X]   Electronic Mail

| | |
|---|---|
| Philip S. Lott<br>  phillott@utah.gov<br>Stanford E. Purser<br>  spurser@utah.gov<br>John E. Swallow<br>UTAH ATTORNEY GENERAL<br>160 East 300 South, Sixth Floor<br>P.O. Box 140856<br>Salt Lake City, Utah 84114-0856 | Ralph Chamness<br>  rchamness@slco.org<br>Darcy Goddard<br>  dgoddard@slco.org<br>SALT LAKE COUNTY DISTRICT ATTORNEYS<br>2001 South State Street, S3500<br>Salt Lake City, Utah 84190-1210 |
| *Attorneys for Defendants Gary R. Herbert and John Swallow* | *Attorneys for Defendant Sherrie Swensen* |

_____