PHILIP S. LOTT (5750)
STANFORD E. PURSER (13440)
Assistant Utah Attorneys General
BRIAN L. TARBET (3191)
Acting Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah  84114-0856
Telephone:  (801) 366-0100
Facsimile: (801) 366-0101
Email:  phillott@utah.gov
Email:  spurser@utah.gov
*Attorneys for Defendants Gary R. Herbert and John E. Swallow*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEREK KITCHEN, individually; MOUDI SBEITY, individually; KAREN ARCHER, individually; KATE CALL, individually; LAURIE WOOD, individually; and KODY PARTRIDGE, individually,<br><br>      Plaintiffs,<br><br>              vs.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah; BRIAN L. TARBET, in his official capacity as Acting Attorney General of Utah; and SHERRIE SWENSEN, in her official capacity as Clerk of Salt Lake County,<br><br>      Defendants. | **STATE DEFENDANTS' MOTION FOR STAY PENDING APPEAL**<br><br>Civil Case No. 2:13-cv-00217-RJS<br><br>Judge Robert J. Shelby |

The State Defendants move this Court, pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App.

P. 8(a), for an order staying the Memorandum Decision and Order of this Court entered on

December 12, 2013 (Doc Nos. 90, 92) pending appeal to the United States Court of Appeals for the Tenth Circuit.

## STANDARD FOR A STAY PENDING APPEAL

Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction. The purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir.1996).

When considering a stay pending appeal, a four-part test similar to that governing preliminary injunctions applies: (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *Homans v. City of Albequerque,* 264 F.3d 1240, 1243 (10th Cir. 2001); *CGC Holding Co., LLC v. Hutchens*, No. 11-cv-01012, 2013 WL 4046682, *1 (D. Colo. Aug. 9, 2013); *Summum v. Pleasant Grove City*, No. 2:05-cv-0638, 2006 WL 1794770, *1 (D. Utah June 27, 2006).

This Court should follow the example of the Ninth Circuit Court of Appeals in the Proposition 8 litigation and grant a stay pending appeal. *See Perry v. Brown*, 671 F.3d 1052, 1070 (2012), *vacated and remanded*, *Hollingsworth v. Perry*, 133 S.Ct. 2652 (2013).

### (1) THE LIKELIHOOD OF SUCCESS ON APPEAL

Neither the Supreme Court nor the Tenth Circuit Court of Appeals has issued a decision holding that the constitutional right to marry encompasses same-sex marriage. Further, the two

most recent federal district courts that have considered and ruled on the constitutionality of a state's laws limiting marriage to the legal union between a man and a woman have reached a different conclusion than this Court. *See Jackson v. Abercrombie*, 884 F. Supp. 2d 1065 (D. Hawaii 2012) and *Sevcick v. Sandoval*, 911 F. Supp. 2d 996 (D. Nev. 2012). Moreover, the only federal circuit court to squarely rule on this issue has upheld the constitutionality of the traditional definition of marriage. *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). And, those decisions do not stand alone. As cited in the State Defendants' pleadings, many other courts have concluded that the opposite-sex definition of marriage rationally serves society's interests in regulating sexual relationships between men and women so that the unique procreative capacity of those relationships benefits rather than harms society, by increasing the likelihood that children will be born and raised in stable family units by their biological mothers and fathers.

Further, in the majority of States where same-sex marriage has been adopted it has been accomplished through the democratic process rather than by judicial decree. *See State Defendants Motion for Summary Judgment* (Doc. 33) at xiv-xv.

### (2)  THE THREAT OF IRREPARABLE HARM ABSENT A STAY

This Court's decision constitutes a fundamental shift away from society's understanding of what marriage is. For over one hundred years Utah has adhered to a definition of marriage as the union of a man and a woman and has never recognized as a marriage any other kind of relationship. *See State Defendants Motion for Summary Judgment* (Doc. 33) at xi. And, Utah does not stand alone. A majority of States adhere to the same definition of marriage.

As the Supreme Court has recognized, "extending constitutional protection to an asserted right or liberty interest, . . . to a great extent, place[s] the matter outside the arena of public debate and legislative action. *Washington v. Glucksberg*, 421 U.S. 702, 720 (2009). The Court's decision has taken the important public policy question of same-sex marriage away from the people of the State of Utah and, as such, constitutes a threat of irreparable harm to the democratic process in Utah. "[I]t is clear that a state suffers irreparable injury whenever an enactment of its people … is enjoined." *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (citing *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("It also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.")).

An additional threat of irreparable harm exists for same-sex couples who may proceed to marry during the pendency of an appeal. Such marriages would be entered into under a cloud of uncertainty. Should the appeal be successful those couples may suffer irreparable harm when their marriages are declared invalid. The State would also face administrative burdens associated with issuing licenses under a cloud of uncertainty. And, actions taken in reliance upon a marriage that, ultimately may be invalid or not recognized in the case of an out-of-state marriage, would undoubtedly impact employers, creditors, and others. These harms can easily be avoided by granting a stay pending appeal.

### (3)  HARM TO OPPOSING PARTIES IF THE STAY IS GRANTED

The only potential harm Plaintiffs may suffer if a stay is granted is, at most, a delay in

their ability to marry in Utah or, in the case of an out-of-state marriage, recognition of that marriage. Such a harm is not irreparable. If this Court's ruling is upheld on appeal the Plaintiffs would be able to marry at that time and, in the case of an out-of-state marriage their marriage would be recognized. Granting the stay simply preserves the status quo.

Conversely, as detailed above, the Plaintiffs and others *will* suffer harm if a stay is not granted and they proceed to marry during the pendency of an appeal that is ultimately successful. In other words, if Utah's appeal is successful the Plaintiffs' and others' marriages would at a future date be declared invalid.

### (4)  HARM TO THE PUBLIC INTEREST

The Utah public has an interest in deciding, through the democratic process, public policy issues of such societal importance as whether to retain the traditional definition of marriage. Removing the decision from the people is a harm to the public interest.

The public also has an interest in certainty and in avoiding unnecessary expenditures. As outlined above, should a stay *not* be granted marriages would be entered into under a cloud of uncertainty and the State would face administrative burdens associated with issuing licenses under that cloud of uncertainty. And, actions taken in reliance upon a marriage that, ultimately may prove to be invalid, would impact employers, creditors, and others.

//

## CONCLUSION

For the foregoing reasons, this Court should grant a stay pending appeal.

Dated this 20th day of December, 2013.

                                        BRIAN L. TARBET
                                        Acting Utah Attorney General

                                        /s/ Philip S. Lott
                                        Philip S. Lott
                                        Stanford E. Purser
                                        Assistant Utah Attorneys General
                                        *Attorneys for Defendants Gary R. Herbert*
                                        *and Brian L. Tarbet*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Peggy A. Tomsic | tomsic@mgplaw.com |
| James E. Magleby | magleby@mgplaw.com |
| Jennifer Fraser Parrish | parrish@mgplaw.com |
| MAGLEBY & GREENWOOD, P.C. | |
| 170 South Main Street, Suite 850 | |
| Salt Lake City, UT 84101-3605 | |
| | |
| Ralph Chamness | rchamness@slco.org |
| Darcy M. Goddard | dgoddard@slco.org |
| Salt Lake County District Attorneys | |
| 2001 South State, S3500 | |
| Salt Lake City, Utah 84190-1210 | |

                                        /s/ Philip S. Lott