IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEREK KITCHEN, MOUDI SBEITY, KAREN ARCHER, KATE CALL, LAURIE WOOD, and KODY PARTRIDGE,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY R. HERBERT, JOHN SWALLOW, and SHERRIE SWENSEN,<br><br>Defendants. | ORDER ON<br>MOTION TO STAY<br><br><br><br><br><br>Case No. 2:13-cv-217 |

On December 20, 2013, the court granted summary judgment for the Plaintiffs in this lawsuit. (Order, Dec. 20, 2013, Dkt. 90.) The court held that provisions in the Utah Code and the Utah Constitution[1] that prohibited same-sex marriage (collectively, Amendment 3) were unconstitutional because they denied the Plaintiffs their rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution. The court enjoined the State of Utah from enforcing Amendment 3 to the extent that it prohibited a person from marrying another person of the same sex. The court's Order did not include a stay of its judgment as none had been requested by the State.

The court had a telephone conversation with counsel from both parties a few hours after it

---

[1] The court's Order specifically mentioned Sections 30-1-2 and 30-1-4.1 of the Utah Code and Article I, § 29 of the Utah Constitution. The court's Order also applies to any other Utah laws that prohibit same-sex couples from marrying.

issued its Order. The State represented to the court that same-sex couples had already begun marrying in the Salt Lake County Clerk's Office and requested the court to stay its Order of its own accord. The court declined to issue a stay without a written record of the relief the State was requesting, and asked the State when it was planning to file a motion. The State was uncertain about its plans, so the court advised the State that it would immediately consider any written motion as soon as it was filed on the public docket. The State filed a Motion to Stay later that evening. The court ordered expedited briefing on the State's Motion and set a hearing for 9:00 a.m. on December 23, 2013. The State requested in its Reply Brief that, if the court denied the State's Motion to Stay, the court order a temporary stay of its Order to allow the Tenth Circuit to make its own determination about whether a stay should be issued.

Having carefully reviewed the parties' briefing and oral arguments, and for the reasons discussed below, the court DENIES the State's Motion to Stay and the State's request for a temporary stay.

## ANALYSIS

Rule 62(c) of the Federal Rules of Civil Procedure provides: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction . . . on terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The purpose of a stay is to preserve the status quo pending an appeal. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). When considering a motion to stay pending appeal, the court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The court analyzes each of these factors below.

**I.      The State Has Not Shown that It Is Likely to Succeed on Its Appeal**

The State argues that the court should stay its judgment because the State is likely to succeed on appeal.  But the majority of the State's assertions in support of its argument are the same assertions the State made in its Motion for Summary Judgment.  For the same reasons the court denied that motion, the court finds that the State has not submitted any evidence that it is likely to succeed on its appeal.  The court granted summary judgment for the Plaintiffs on two separate grounds.  First, the court found that Amendment 3 violated the Plaintiffs' fundamental right to marry.  Second, the court found that Utah's prohibition on same-sex marriage was a violation of the Plaintiffs' equal protection rights.[2]  The State can only succeed on its appeal if the Tenth Circuit rejects both of these holdings, and the State has not provided any reason to this court to suggest that the court overlooked crucial cases or other issues in its Order.

The only new argument the State makes to challenge the court's reasoning is its assertion that the court misconstrued the case of *United States v. Windsor*, 133 S. Ct. 2675 (2013), because the court cited portions of the Honorable Antonin Scalia's dissenting opinion.  The court is not persuaded by the State's argument.  Although Justice Scalia clearly disagreed with the outcome in *Windsor* and believed the majority of the Supreme Court had decided the case wrongly, his opinion about the reasoning underlying *Windsor* and the possible effects of this reasoning in future cases is nevertheless perceptive and compelling.  The court therefore cited Justice Scalia's

---

[2]The court applied rational basis to its analysis of the Plaintiffs' equal protection claim, but noted that the claim was also subject to heightened scrutiny because Amendment 3 discriminated against the Plaintiffs on the basis of their sex.

dissent not as binding precedent, but as persuasive authority.

For these reasons, the court finds that the State has not carried its burden to make a strong showing that it is likely to succeed on appeal.

## II.     The State Has Not Shown that It Will Suffer Irreparable Harm

The State argues that it will suffer irreparable harm for three reasons. First, the State contends that Utah has recognized only opposite-sex marriage for over one hundred years and that it must therefore be cautious about any changes to this approach. The court addressed this argument in its Order and found that neither the State's asserted need to proceed with caution or its interest in preserving its previous laws about marriage were sufficient to withstand rational basis scrutiny.

Second, the State maintains: "[I]t is clear that a state suffers irreparable injury whenever an enactment of its people . . . is enjoined." *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (citing *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). The Plaintiffs point out that both cases cited by the State are inapposite because they involved statutes that the court considering the stay believed were valid. *See Wilson*, 122 F.3d at 719 (holding that a stay of the Ninth Circuit's mandate would be "tantamount to extending the preliminary injunction entered by the district court . . . which we have already held rests on an erroneous legal premise."); *New Motor Vehicle Bd.*, 434 U.S. at 1347 ("I am also of the opinion that a majority of the Court will likely reverse the judgment of the District court. . . . [T]he respondents for whom judgment is stayed are free to move the full Court to vacate a stay if they feel the Circuit Justice has miscalculated on [this] point."). The court agrees with the Plaintiffs that these cases are distinguishable from the facts presented here.

If the court were to follow the State's argument, it should automatically grant a stay of its judgment whenever it invalidates a State law. The court is unaware of any such practice within the Tenth Circuit.

Finally, the State argues that same-sex couples who marry pending an appeal to the Tenth Circuit face a cloud of uncertainty. It is the State's position that it will seek to invalidate any same-sex marriages lawfully entered into during this time if the Tenth Circuit or Supreme Court later upholds Amendment 3. But under this prong of the court's analysis, the court only considers the harm done to the State and not to the same-sex couples whose marriage arrangements may be subject to legal challenge. For the reasons stated in the court's previous Order, the court finds that there is no harm to the State in allowing same-sex couples to marry.

### III.   Granting a Stay Will Irreparably Harm the Plaintiffs and Other Same-Sex Couples

In contrast to the speculative harm faced by the State, there is no dispute that same-sex couples face harm by not being allowed to marry. In its Order, the court has already discussed these harms, which include harms to the partners in a same-sex couple and to members of their family. The State argues that the only harm caused by a stay would be a delay in the time that a same-sex couple would have to wait to marry in Utah or have their out-of-state marriage recognized. But some couples, including Plaintiffs Karen Archer and Kate Call, may be facing serious illness or other issues that do not allow them the luxury of waiting for such a delay.

### IV.   The Public Interest Will Be Harmed by a Stay

Finally, the State contends that the public interest will be harmed if the court does not issue a stay because the public has an interest in deciding public policy issues such as the definition of marriage. The court agrees that the public has a strong interest in exercising its

democratic powers. But as stated in its Order, the Constitution does not permit either a state legislature or the state's citizens through a referendum to enact laws that violate constitutionally protected rights. And "while the public has an interest in the will of the voters being carried out . . . the public has a more profound and long-term interest in upholding an individual's constitutional rights." *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012). The court therefore finds that the public interest factor weighs in favor of protecting the constitutional rights of Utah's citizens.

V.     **Temporary Stay**

The State requests that, in the event the court denies its Motion to Stay, the court grant a temporary stay to allow the Tenth Circuit an opportunity to decide whether a stay is warranted. But the purpose of a temporary stay is to preserve the status quo. The court agrees with Defendant Sherrie Swenson in her official capacity as the Clerk of Salt Lake County that the status quo is currently that same-sex couples are allowed to marry in the State of Utah. As a result, the court would no longer be issuing a stay of its judgment, but an injunction enjoining county clerks in Utah from issuing marriage licenses to same-sex couples. Under these circumstances, the court finds that its appropriate role is to issue a ruling on the merits of the Defendants' Motion to Stay as expeditiously as possible, thereby immediately allowing the Tenth Circuit to exercise jurisdiction over the merits of the case and the question of whether a stay should be issued pending appeal.

ORDER

For the reasons stated above, the court hereby DENIES the Defendants' Motion to Stay (Dkt. 94).

SO ORDERED this 23rd day of December, 2013.

                                    BY THE COURT:

                                    _____
                                    ROBERT J. SHELBY
                                    United States District Judge